Estate of James Cooper, deceased. Appeal of Sarah J. Cooper and Jennie E. Cooper, administratrices of James Cooper, deceased.

Argued March 12, 1897. Appeal, No. 53, March T., 1897, by Sarah J. Cooper and Jennie E. Cooper, from decree of O. C., Fulton Co., confirming report of auditor in distributing balance in the hands of Sarah J. Cooper and Jennie E. Cooper, administratrices of the estate of James Cooper, deceased. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Appeal dismissed.

Exceptions to auditor's report. Before SWOPE, P. J.

In addition to the facts which appear in the opinion of the

preceding case, appeal by David B. Nace, Executor, the following facts may be stated from the report of the auditor. It appears that at the time of the decease of James Cooper he was indebted to Andrew Fisher, and judgment was entered on single bill for purchase money of land. On this judgment the administratrices of Cooper, on April 3, 1887, paid the administrator of Fisher the sum of $329.84, which left the amount due on the Fisher estate on that judgment, $1,000. In addition to the amount paid April 3, 1887, to wit, $329.84, Mrs. Sarah Cooper, as administratrix, paid on same judgment between March 29, 1888, and November 7, 1895, the sum of $395. She also paid to Mrs. Fisher, on dower lien between February 2, 1888, and March 2, 1895, the sum of $420. It thus appears that the administratrices actually paid out on the debts of the estate the sum of $1,144.84, for which they have had no credit anywhere in their account filed. The auditor allowed Mrs. Cooper a pro rata on the $395.

*Errors assigned* were (1) In confirming report of the auditor; (2) in holding that the administratrices were not entitled to credit for the the sum of $395.84 paid on the judgment April 3, 1887, as against the balance appearing due on the account which they filed, and in dismissing their second exception to the report of the auditor; (3) in dismissing the third exception of the appellants and in refusing to allow credit for all sums paid out by them in the estate; (4) in not holding that the entire balance due on their account as administratrices in March, 1888, had been paid out by them, or for them, before Daniel Logan made application for the appointment of the auditor, and that at the time there was no money in their hands for distribution.

*Geo. A. Smith*, with him *M. R. Shaffner*, for appellants.

*W. Rush Gillan*, with him *J. Nelson Sipes* and *W. U. Brewer*, for appellees.

OPINION BY BEAVER, J., April 19, 1897:

The facts of this case have been somewhat fully set forth in the disposition which we have made of the appeal of Nace, executor of Logan, No. 43, of March Term, 1897, which was an

appeal from the same decree of the orphans' court as this. A claim was made before the auditor for an allowance of $329.84 paid by the administrators on account of the Fisher judgment. The auditor found, however, as a fact, that such payment was made on the 3d of April, 1887, ten months before the account was filed, and that the administrator "could not tell whether she took credit in the account for all she had paid up to the time of filing or not." If the payment were included in the credits claimed in the account, she was, of course, entitled to nothing. If it were not included, the payment not having been sanctioned by the court by virtue of the confirmation of the account, she could in no event have claimed more than a pro rata dividend thereon. In view of the uncertainty as to whether or not the amount was included in the account, we think the auditor was justified in rejecting the claim.

As to the first, third and fourth assignments of error, they are sufficiently disposed of in the opinion which we have this day filed in Nace, Exr. of Logan's Appeal. We cannot affirm the decree of the court below; but, inasmuch as none of the assignments of error as made by this appellant is sustained, we refer to Nace's Appeal, supra, for the proper distribution to be made of the fund in the hands of the administrators, and dismiss this appeal at the costs of the appellant.